**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,             Crim. No. 10-69(19) (MJD/JJK)

      Plaintiff,

v.

(19) Agustin Nunez-Reynoso,        **REPORT AND RECOMMENDATION**

      Defendant.

Steven L. Schleicher, Esq., Assistant United States Attorney, counsel for Plaintiff.

Arthur R. Martinez, Esq., Law Offices of Arthur R. Martinez PA, counsel for Defendant Reynoso.

JEFFREY J. KEYES, United States Magistrate Judge

    This matter is before the Court on Defendant Agustin Nunez-Reynoso's First Motion to Suppress Evidence of Electronic Surveillance. (Doc. No. 566). This Court held a hearing on the motion on January 31, 2011. The Government previously submitted exhibits, including Applications for two wiretaps with attachments, and the Orders authorizing those wiretaps, and offered the testimony of DEA Task Force Officer Flannegan during the August 10, 2010 hearing for Defendant Miguel Angel Garcia. This Court has already ruled on the necessity of electronic surveillance as to Defendant Garcia. (Doc. No. 476).

    The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For

the reasons stated below, this Court recommends that Defendant's motion be denied.

## BACKGROUND

On November 17, 2010, Defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. (Doc. No. 524).

**Defendant's Motion to Suppress Evidence of Electronic Surveillance**

At the hearing, Defendant's counsel asked the Court to conduct a "four corners" review of the surveillance warrants, but identified no particular deficiency of the affidavits or testimony underlying the surveillance applications. As noted above, the Court has already taken testimony and ruled on this issue with respect to other Defendants, and the Government previously submitted the affidavits, applications and orders, and offered the testimony of DEA Task Force Officer Flannegan.

In its August 26, 2010 Report and Recommendation this Court concluded that the Government has met the "necessity requirement" for a wiretap. (Doc. No. 476 at 12-17.)  This Court found that the wiretaps were requested for the purpose of discovering the full scope of the conspiracy and the full extent of the criminal activities, and to identify and successfully prosecute each member of the organization, including sources and customers.  Officer Flanagan's affidavits in support of the wiretap authorizations, and the testimony of Officer Flanagan at

the motion hearing, detailed the conventional investigative techniques used by law-enforcement officers before they sought the wiretap authorizations, showed the difficulties law-enforcement officers encountered, and explained why the investigative methods that were attempted failed to discover the full scope of the conspiracy. (*Id.*) Accordingly, as with Defendant Garcia, this Court finds that the wiretapping was necessary, and therefore denies Defendant's motion to suppress evidence of electronic surveillance.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's First Motion to Suppress Evidence of Electronic Surveillance. (Doc. No. 566), be **DENIED;**


Date: February 10, 2011

 *s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 24, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **seven days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.