UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES,

        Plaintiff,

v.
                        **ORDER**
                        Criminal File No. 10-69 (MJD/JJK)

(19) AUGUSTIN NUNEZ-REYNOSO,

        Defendant.
_____

Steven L. Schleicher, Assistant United States Attorney, Counsel for Respondent.

Augustin Nunez-Reynoso, pro se.
_____

## I. INTRODUCTION

This matter is before the Court on Defendant Augustin Nunez-Reynoso's Motion for Discovery [Docket No. 822]; Motion for Appointment of Counsel for the Purpose of Preparing and Filing a Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 824]; and Motion for Discovery [Docket No. 827].

II. **BACKGROUND**

On April 14, 2011, a jury convicted Defendant of Conspiracy to Distribute and Possess with Intent to Distribute various drugs (including cocaine, methamphetamine, marijuana, and MDMA) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 841(b)(1)(c), and 846. [Docket Nos. 524, 656] On September 20, 2011, the Court sentenced Defendant to 240 months imprisonment, to be followed by five years supervised release. [Docket No. 758] Defendant appealed his sentence, and the Eighth Circuit affirmed the Court's judgment. [Docket No. 806]

On September 30, 2013, Defendant filed a Motion for Discovery [Docket No. 822]. On October 30, 2013, Defendant filed a Motion for Appointment of Counsel for the Purpose of Preparing and Filing a Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 824]. Defendant then filed another Motion for Discovery [Docket No. 827] (regarding different discoverable information) on November 12, 2013. In all of his motions, Defendant states that he intends to file a 28 U.S.C. § 2255 motion, and in his Motion for Appointment of Counsel, Defendant explains that his § 2255 petition will allege ineffective assistance of counsel.

III. **DISCUSSION**

   A. **Motions for Discovery**

In his first Motion for Discovery, Defendant seeks production of statements and reports of witnesses during their grand jury testimony. In his second Motion for Discovery, Defendant seeks production of statements made by his co-defendants during their traffic stop. In both of these motions, Defendant articulates that he is in the process of preparing a 28 U.S.C. § 2255 motion to the Court. As of the current date, however, Defendant has not filed a § 2255 motion challenging his sentence. Because there is no current matter pending before the Court, the Court denies both of Defendant's Motions for Discovery.

   B. **Motion for Appointment of Counsel**

The Court denies Defendant's request for appointment of counsel. Defendant has articulated that he is in the process of preparing a 28 U.S.C. § 2255 Motion to the Court. As of the current date, however, Defendant has not filed a § 2255 motion challenging his sentence.

A federal court can appoint counsel to represent an indigent prisoner in a § 2255 proceeding if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

While "a capital postconviction proceeding is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding," habeas corpus proceedings regarding offenses not punishable by death do not commence until a complete petition for writ of habeas corpus is filed. See generally McFadden v. Steele, No. 4:11CV2070 (AGF), 2012 WL 266455, at *1 (E.D. Mo. Jan. 27, 2012) (emphasis added) (internal quotation marks omitted). In a case similar to this one, a defendant serve a 97-month prison sentence moved for appointment of counsel before actually filing a § 2255 motion. See United States v. Rodriguez-Rivera, No. 07-cr-0026 (PJS/AJB), 2012 WL 2277784, at *1 (D. Minn. June 18, 2012). This Court held that the defendant had filed her motion for appointment of counsel prematurely because no § 2255 motion had yet been filed. Id.

Here, Defendant was sentenced to a term of imprisonment, not death, so his motion for appointment of counsel does not commence his habeas action; rather, his habeas action can only be initiated if he files a complete habeas petition. Because Defendant has not yet filed a § 2255 motion, there is no current matter pending before the Court. Defendant's motion is therefore premature,

4

and the Court lacks authority to appoint counsel. Accordingly, Defendant's Motion for Appointment of Counsel is denied.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Discovery [Docket No. 822] is **DENIED**;

2. Defendant's Motion for Appointment of Counsel [Docket No. 824] is **DENIED**; and

3. Defendant's Motion for Discovery [Docket No. 827] is **DENIED**.

Dated:  November 18, 2013         s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court