# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

          Plaintiff-Respondent,

v.                  **MEMORANDUM OF LAW & ORDER**
                      Criminal File No. 10-69 (MJD/JJK)
                      Civil File No. 14-124 (MJD)

(19) AGUSTIN NUNEZ-REYNOSO,

          Defendant-Petitioner.

---

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Agustin Nunez-Reynoso, pro se.

---

## I.  INTRODUCTION

This matter is before the Court on Petitioner Agustin Nunez-Reynoso's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 852]  Petitioner has also filed a First Supplemental Amendment to 28 U.S.C. § 2255 Motion.  [Docket No. 872]  The Court considers both of these documents together.

1

Petitioner has also filed the following pro se motions: Motion for Discovery and Inspection [Docket No. 867]; Motion for a New Trial [Docket No. 877]; Motion for Default Judgment [Docket No.880]; and another Motion for Discovery and Inspection [Docket No. 886].

## II.   BACKGROUND

On March 18, 2010, an Indictment was filed in the District of Minnesota charging Walter Ochoa and 14 others in a drug conspiracy case.  [Docket No. 29] A Second Superseding Indictment was returned by the Grand Jury on November 17, 2010.  [Docket No. 524]  The Second Superseding Indictment charged Petitioner, from on or about January 2008 and continuing through on or about March 2010, with Count 1: conspiracy to possess with intent to distribute cocaine, methamphetamine, marijuana, and MDMA ("Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.  [Docket No. 524]

Petitioner was tried by a jury before this Court, and on April 14, 2011, the jury found Petitioner guilty as to Count 1 of the Indictment.  [Docket No. 656] He was represented at trial and at sentencing by Arthur Martinez.  (See, e.g., Docket Nos. 645, 732.)  The jury found the following with respect to drug quantities involved in the conspiracy: 5 kilograms or more of cocaine; 500 grams

or more of a mixture or substance containing methamphetamine; less than 100

kilograms of marijuana; and 1000 tablets or more of Ecstasy.  (Id.)

At sentencing on September 20, 2011, The Court determined that the

applicable Guidelines were as follows:

| | |
|---|---|
| Total Offense Level: | 38 |
| Criminal Category: | II |
| Imprisonment Range: | 262 to 327 months |
| Supervised Release: | 5 years |
| Fine Range: | $25,000 to $4 million |
| Special Assessment: | $100 |

(Sentencing Tr., Docket No. 788, at 4.)  The Court sentenced Petitioner to a term

of 240 months.  [Docket No. 760]

Petitioner was represented on appeal by Leon A. Trawick, who filed a

Notice of Appeal on September 21, 2011, and also simultaneously moved to

withdraw while filing a brief pursuant to Anders v. California, 386 U.S. 738

(1967).  [Docket No. 759]  On January 2, 2013, the Eighth Circuit held that there

was sufficient evidence to support Petitioner's conviction as well as the Court's

drug quantity calculation applied at sentencing.  United States v. Nunez-

Reynoso, 508 F. App'x 588, 589 (8th Cir. 2013).  The Eighth Circuit also granted

Trawick's motion to withdraw.  Id.

Petitioner has now filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 852] as well as several other motions [Docket Nos. 867, 877, 880, 886] that are addressed in a separate Order from this Court.

## A.    Petitioner's Stated Grounds for Relief

Petitioner lists one central ground for his habeas petition: that he received ineffective assistance of counsel throughout his case.  Petitioner claims that counsel's errors at trial, sentencing, and on appeal, and his counsel's cumulative errors prejudiced Petitioner to the point of violating his constitutional rights. Petitioner requests that the Court vacate his sentence and order a new trial or dismiss all charges against Petitioner.

## III.   DISCUSSION

### A.    Request for Recusal

Initially, Petitioner requests that the undersigned judge recuse himself from this case, claiming that the Court exhibited bias and discrimination based on Petitioner's ethnic origin or socioeconomic status.  The Court denies Petitioner's recusal request.  A court should recuse itself if the court's "impartiality might reasonably be questioned."  28 U.S.C. § 455.  However, there is no basis for recusal "absent a showing of personal bias or prejudice arising

4

from an extrajudicial source." <u>Rossbach v. United States</u>, 878 F.2d 1088, 1089 (8th Cir. 1989).  "Decisions on recusal or disqualification motions are committed to the district court's sound discretion." <u>Larson v. United States</u>, 835 F.2d 169, 172 (8th Cir. 1987).

Petitioner has failed to identify any personal bias or prejudice arising from an extrajudicial source.  His affidavit cites only conduct that arose in the course of Petitioner's case: particularly, the Court's decisions to admit certain evidence during trial and its decisions regarding Petitioner's representation.  The conduct Petitioner complains of does not reflect bias or prejudice, and Petitioner's questioning of the Court's impartiality on these grounds is not reasonable. Accordingly, there is no basis for recusal, and the Court denies Petitioner's request.

### B.      Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

## C.    Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on

6

Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687. The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### D.   Whether Petitioner Received Effective Assistance of Counsel

#### 1.   At Trial

Petitioner argues that he received ineffective assistance from his trial counsel because his counsel did not object to the admission of testimony and

evidence given by witnesses Mendoza and Ochoa regarding Petitioner's conduct outside of the January 2008 to March 2010 timeframe alleged in the Indictment. Petitioner asserts that his counsel should have objected under Federal Rules of Evidence 403 and 404(b) because this testimony was irrelevant to the offense charged and concerned evidence of "prior bad acts" without pretrial notice. Petitioner's claim fails because he has not shown that his counsel's performance was deficient or that he suffered prejudice.

First, it was not unreasonable for Petitioner's trial counsel not to object to testimony regarding conduct outside the Indictment timeframe because such testimony violates neither Rule 403 nor 404(b). Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice may result from "concededly relevant evidence" that might "lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Christians, 200 F.3d 1124, 1127 (8th Cir. 1999).

Mendoza and Ochoa's testimony did not violate Rule 403 because their testimony describing events before the Indictment timeframe provided context for Petitioner's participation in the conspiracy; the testimony focused on when the witnesses met Petitioner and established an agreement with him. (See generally Tr. vol. 2, at 152-75, 249-308.) This in turn demonstrated that Petitioner was connected to the Ochoa drug trafficking conspiracy. See United States v. Overshon, 494 F.2d 894, 896 (8th Cir. 1974) ("Once the government has established the existence of a conspiracy, even slight evidence connecting a particular defendant to the conspiracy may be substantial and therefore sufficient proof of the defendant's involvement in the scheme."). Because this evidence was relevant to establishing the conspiracy, counsel's choice not to object on Rule 403 grounds was not unreasonable.

Furthermore, counsel's conduct was not unreasonable because the testimony referring to events outside of the Indictment timeframe did not violate Rule 404(b). Federal Rule of evidence 404(b) makes evidence of past crimes or other wrongs inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The record indicates Ochoa and Mendoza's testimony was not Rule 404(b) evidence

because it was not evidence of Petitioner's other crimes, wrongs, or acts.  Rather, the testimony concerned Petitioner's participation in the charged conspiracy.

Nevertheless, Petitioner refers to Rule 404(b) in arguing that the testimony regarding alleged conduct outside of the Indictment timeframe impermissibly broadened the basis of his conviction beyond conduct charged in the Indictment, and therefore, his counsel should have objected.  This argument fails.

"Time is not a material element of a conspiracy charge."  United States v. Ghant, 339 F.3d 660, 662 (8th Cir. 2003).  Furthermore, "a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment."  United States v. Moore, 639 F.3d 443, 446-47 (8th Cir. 2011); see also 18 U.S.C. 3282 (providing a limitations period of five years for non-capital federal offenses).  This is true so long as the indictment fully and fairly apprises the defendant of the charge against him.  Moore, 639 F.3d at 447.

Additionally, "[i]f a defendant's participation in a conspiracy has been established, then the defendant is culpable for everything said, written or done by any of the other conspirators in furtherance of the common purpose of the conspiracy."  Overshon, 494 F.2d at 896; see also United States v. Brown, 148 F.3d

1003 (8th Cir. 1998) ("A defendant convicted of conspiracy is properly held accountable for all reasonably foreseeable acts and omissions of any co-conspirator taken in furtherance of that conspiracy.").

Here, the Indictment provided Petitioner of adequate notice of the charged crime, and the evidence at issues concerned conduct committed within the five-year limitations period and before the return of the Indictment.  Furthermore, Petitioner's culpability was not limited by the Indictment timeframe or even by his own actions within the conspiracy, and Mendoza and Ochoa's testimony about of drug quantities exchanged before the timeframe of the Indictment concerned Petitioner's participation in the conspiracy as a whole, something for which he is properly held accountable.  Consequently, the introduction of evidence regarding Petitioner's conduct outside of the Indictment timeframe was permissible.  Accordingly, the Court concludes that it was not unreasonable for Petitioner's counsel to refrain from objecting.

Even if Petitioner's counsel acted unreasonably, Petitioner has not shown that his trial counsel's alleged errors prejudiced him at trial.  This is because the Ochoa and Mendoza testimony was merely corroborating evidence in the face of ample evidence suggesting Petitioner's guilt.  (See, e.g., Tr. vol. 1, at 68, 81, 89-90,

109-15 (providing evidence of 10 wiretapped conversations between Petitioner

and Ochoa about drug transactions; identification of Petitioner during an

investigation; a digital scale found in Petitioner's trash; and a handgun, among

other evidence).)  Therefore, there is no reasonable probability that the jury

would have found Petitioner not guilty had Mendoza and Ochoa not testified at

all.  Failing to meet either prong of the Strickland test, Petitioner cannot succeed

in his claim that he was denied effective assistance of counsel at trial.

### 2.    Cumulative Trial Error

Petitioner also argues that if the Court finds the errors of counsel were not

prejudicial in themselves, the accumulation of errors at trial were prejudicial and

violated his constitutional rights.  This claim lacks merit.  The Eighth Circuit has

rejected the cumulative error doctrine and repeatedly recognized that "a habeas

petitioner cannot build a showing of prejudice on a series of errors, none of

which would by itself meet the prejudice test."  Middleton v. Roper, 455 F.3d 838,

851 (8th Cir. 2006) (citations omitted); United States v. Henderson, No. 03-437,

2007 WL 1965556, at *7 (D. Minn. July 3, 2007) ("'Cumulative error' is not an

appropriate basis for habeas corpus relief.").  Accordingly, the Court concludes

that any cumulative effect of counsel's alleged errors is not a valid basis for

awarding habeas relief.

### 3.   At Sentencing

Petitioner also argues that he was denied effective assistance of counsel at sentencing because his counsel did not object to the Presentence Investigation Report ("PSI"). The PSI provided that Petitioner's offense conduct was his involvement in the drug conspiracy in 2006, which is outside of the Indictment timeframe. Petitioner's complaint here lacks merit, considering Petitioner's counsel stated the following at sentencing:

> Your Honor, and the other issue [Probation] did work out with me as far as the composite time that Mr. Reynoso was involved. At paren 45 it indicates that he joined the conspiracy in '06. In paren 62 it's indicated about the instant offense from January 2008. I do understand that that paren is what is dealing with the guidelines manual to be used and that the indictment encompasses those periods of time.

(Sentencing Tr., Docket No. 788, at 3.) This demonstrates that the timeframe issue raised by Petitioner was already raised to and considered by the Court at sentencing.

It is not reasonably probable that any further action by counsel would have changed the outcome of the proceeding because Petitioner's sentence was based upon a Guideline range that resulted from the offense and drug quantities—facts already established by a jury—as well as Petitioner's criminal history, which Petitioner does not dispute. The time period listed in the PSI

would not have affected this Guideline range.  Furthermore, the Court imposed a

sentence 22 months below the Guideline range after counsel argued for a

variance under 18 U.S.C. § 3553(a).  Therefore, Petitioner's counsel's arguments

and strategy contributed to a favorable sentence, and Petitioner has not shown

that he would have received a more favorable sentence had counsel chosen a

different course of conduct.  Accordingly, Petitioner has not shown that counsel's

conduct was unreasonable or prejudicial, and his claim here fails.

Within his ineffective assistance of counsel claim, Petitioner also asserts

that the firearm enhancement in his Guideline calculation was unwarranted.  A

collateral attack under § 2255 is "severely limited."  Sun Bear v. United States,

644 F.3d 700, 704 (8th Cir. 2011).  Questions of guideline interpretation fall short

of a "miscarriage of justice," and therefore do not present proper claims under §

2255.  Id. at 704-05 (holding that there was no miscarriage of justice when a

defendant was erroneously sentenced as a career offender because he was still

sentenced within the statutory limits of the offense).

The Court concludes that Petitioner's claim regarding the sentencing

guidelines is not cognizable under § 2255.  Petitioner raises a miscalculation of

the guidelines, which is not a "miscarriage of justice" und § 2255, and even if his

14

Guideline range was recalculated, his sentence of 240 months would still be lawful because the statutory maximum for his offense is life imprisonment.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846.  Therefore, Petitioner's argument regarding the enhancement lacks merit.

To the extent Petitioner's argument relates to his counsel's representation, the argument fails because Petitioner has not shown prejudice.  Even if  counsel had objected, and assuming the firearm enhancement had not been applied, the resulting base offense level would have been 36, not 32, as Petitioner erroneously asserts.  An offense level of 36 would have created a Guideline Range of 210 to 262 months under the 2010 Guidelines manual.  The 240-month sentence actually received by Petitioner is within this hypothetical range, and Petitioner cannot show that Court, in its discretion, would have imposed a different sentence after considering all of the same factors presented to it at sentencing.

### 4.    On Appeal

Petitioner claims that his counsel on appeal did not provide effective assistance because he failed to make the arguments Petitioner has offered in his § 2255 motion regarding trial evidence of conduct outside the Indictment timeframe.  Based on the Court's conclusions about this argument, provided

above, the argument would not have been successful on appeal.  Therefore,

Petitioner cannot show prejudice under the <u>Strickland</u> test.

Additionally, even if the argument had merit, counsel's failure to raise this

argument does not offend Petitioner's Sixth Amendment rights.  <u>New v. United</u>

<u>States</u>, 652 F.3d 949, 953 (8th Cir. 2011) (citation omitted) ("The Sixth Amendment

does not require that counsel raise every colorable or non-frivolous claim on

appeal.").  Counsel's conduct, therefore, was not objectively unreasonable.

### E.    Additional claims

The Court has reviewed and considered all claims raised in Petitioner's

briefs regarding his § 2255 motion.  In addition to the claims already examined,

Petitioner has alleged additional claims asserting a litany of missteps in his

counsel's trial strategy including but not limited to counsel's alleged failure to

properly investigate the facts of the case and counsel's alleged lie to the Court in

stating that Petitioner did not want to testify although Petitioner wanted to

present his income tax returns as proof that he performed legitimate work.

Petitioner also claims that his counsel at sentencing lied to the Court when

he asserted that he had met with Petitioner twice to discuss his PSI and that he'd

translated the PSI into Spanish.  Finally, Petitioner asserts that his appellate

counsel concealed certain pages of the trial transcript from him.  After thorough

16

review of the record, the Court finds each of these arguments to be

unsubstantiated, and they are ultimately meritless, as Petitioner solely focuses on

the unreasonableness of the alleged conduct and makes no showing that he

suffered prejudice as a result.

### F.    Request for Hearing

The Court denies Petitioner's request for an evidentiary hearing in this

matter, as "the motion and the files and the records of the case conclusively show

that Petitioner is entitled to no relief.  See New, 652 F.3d at 954 ("While a

petitioner is entitled to an evidentiary hearing on a section 2255 motion unless

the motion and the files and the records of the case conclusively show that [he] is

entitled to no relief, no hearing is required where the claim is inadequate on its

face or if the record affirmatively refutes the factual assertions upon which it is

based.") (internal quotation marks omitted).

### G.    Motion for a New Trial [Docket No. 877]

"A district court may vacate any judgment and grant a new trial if the

interest of justice so requires."  United States v. Van Nyguyen, 602 F.3d 886, 902

(8th Cir. 2010).  Petitioner moves for a new trial based on what he claims is newly

discovered evidence that the PSIs of Ochoa and Mendoza were concealed from

the jury.  (Docket No. 877, at 2 ("It is 'newly discovered' that Judge Michael J.

Davis concealed the requested PSR reports from the jury in 'collusion' with the

United States Attorneys' Office and AUSA Steven L. Schelicher [sic]."").)

The Court finds that Petitioner's basis for requesting a new trial is

completely without merit.  While the jury requested the PSIs, the jury was not

entitled to receive them.  (Jury Question, Docket No. 657.)  This is because the

PSIs were not admitted as evidence at trial; rather, they were presented as

impeachment material.  Therefore, the PSIs were not available to the jury.

Furthermore, the PSIs of Ochoa and Mendoza to the jury are not newly

discovered evidence because (1) they are not material to Petitioner's guilt and

only concerned the credibility of the witnesses, and (2) in light of the

considerable evidence supporting the jury's guilty verdict, the PSIs would not

likely produce acquittal if a new trial were granted.  See United States v. Warren,

140 F.3d 742, 744-45 (8th Cir. 1998) (providing five requirements for obtaining a

new trial).  Accordingly, the Court denies Petitioner's request for a new trial.

## H.     Motion for Discovery and Inspection [Docket No. 867]

In light of the Court's conclusions with respect to Petitioner's § 2255

motion, the Court denies Petitioner's Motion for Discovery and Inspection.  This

motion sought discovery in a new trial based on what Petitioner alleged to be

"constructive amendment of the Indictment," based upon the same arguments

regarding timeframe presented above.  Because the Court has held that Petitioner is not entitled to a new trial, his discovery motion is denied as moot.

## I.      Motion for Default Judgment [Docket No.880]

Petitioner's motion for default judgment is denied.  In his motion, Petitioner alleged that the Government had failed to respond to his § 2255 motion, and he concluded that he was therefore entitled to default judgment. However, the Court granted the Government an Enlargement of Time in its Order dated February 18, 2014 [Docket No. 876], and the Government responded within the time provided.  Accordingly, the Court concludes that Petitioner's motion for default judgment lacks merit and is therefore denied.

## J.      Motion for Discovery and Inspection [Docket No. 886]

In this discovery motion, Petitioner requests a variety of trial and investigation material described in furtherance of his § 2255 motion.  As the Court has already held that Petitioner's § 2255 motion is inadequate on its face and that the record affirmatively refutes his factual assertions, there is no need for discovery in this matter.  Accordingly, the Court denies Petitioner's motion as moot.

## K.      Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Agustin Nunez-Reynoso's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 852] is **DENIED**.

2. Petitioner's Motion for Discovery and Inspection [Docket No. 867] is **DENIED AS MOOT**;

3. Petitioner's Motion for a New Trial [Docket No. 877] is **DENIED**;

4.      Petitioner's Motion for Default Judgment [Docket No.880] is

**DENIED**;

5.      Petitioner's Motion for Discovery and Inspection [Docket No.

886] is **DENIED AS MOOT**; and

6.      The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   August 21, 2014            s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court