UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        **MEMORANDUM OPINION**
                            **AND ORDER**
                        Criminal File No. 10-69 (MJD/JJK)

(19) AGUSTIN NUNEZ-REYNOSO,

        Defendant.

Lindsey E. Middlecamp, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Agustin Nunez-Reynoso, pro se.

Defendant was charged in Count 1 of the Second Superseding Indictment with conspiracy to possess with intent to distribute cocaine, methamphetamine, marijuana, and MDMA ("Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.  [Docket No. 524]  Defendant was tried by a jury and on April 14, 2011, the jury found Defendant guilty as to Count 1.  [Docket No. 656]   On September 20, 2011, the Court sentenced Defendant to a term of 240 months.  [Docket No. 760]   On January 2, 2013, the Eighth Circuit

1

held that there was sufficient evidence to support Defendant's conviction as well as the Court's drug quantity calculation applied at sentencing.  United States v. Nunez-Reynoso, 508 F. App'x 588, 589 (8th Cir. 2013).

Since his conviction and sentence were affirmed on appeal, Defendant has filed multiple motions for discovery, seeking grand jury transcripts, trial exhibits and his case file.  Each motion has been addressed by the Court and ruled on accordingly.

In June 2014, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 852].  That motion was denied, and the Eighth Circuit denied his request for a certificate of appealability.

Defendant thereafter filed a motion to reduce sentence based on the amended sentencing guidelines applicable to drug cases.  The Court granted that motion and reduced Defendant's sentence to 210 months.  [Docket No. 1068].

Thereafter, Defendant continued to file numerous motions, including motions for discovery, to correct clerical errors, as well as a successive § 2255 petition.  Those motions were all denied or dismissed.  (See Doc. Nos. 830, 1054, 1071, 1084, 1191, 1204, 1208).

Currently before the Court are a number of letters seeking various relief: a request to correct a clerical error under Rule 36, with an attached exhibit that appears to be a request for compassionate release (Doc. No. 1209); a request that he be transferred to a different BOP facility (Doc. No. 1215); a request for relief based on family circumstances (Doc. No. 1216); and a request for relief based on Defendant's actual innocence (Doc. No. 1220 at 6). Defendant has also filed motions for compassionate release (Doc. No. 1214) and for discovery (Doc. No. 1221).

To the extent Defendant requests transfer to another facility, the Court has no authority to direct the BOP to designate places of incarceration. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion); United States v. James, 15-cr-255, 2020 WL 1922568, at *2 (D. Minn. Ap. 21, 2020).

To the extent Defendant seeks compassionate release, such request shall first be presented to the Compassionate Release Screening Panel.

The Court has previously ruled on Defendant's requests for discovery and to correct clerical errors and finds Defendant has identified no basis upon which to reconsider those rulings.

Finally, to the extent Defendant seeks relief based on his actual innocence, such request must be viewed as a successive petition under 28 U.S.C. § 2255, which requires Defendant to seek a certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") Because Defendant has not been granted a certificate authorizing Defendant to file a successive petition under Section 2255, Defendant's request for relief under Section 2255 will be dismissed.

**IT IS HEREBY ORDERED**:

1. Defendant's Requests/Motion for Compassionate Release are referred to the Compassionate Release Screening Panel for Review (Doc. Nos. 1209, 1214 and 1216);

2. Defendant's Request for Transfer to Different BOP Facility (Doc. No. 1215) is **DENIED**;

3. Defendant's Request for Relief Based on Actual Innocence (Doc. No. 1220) is **DISMISSED WITHOUT PREJUDICE**; and

4. Defendant's Motion for Original Discovery (Doc. No. 1221) is **DENIED.**

Date:   January 25, 20201

s/ Michael J. Davis
Michael J. Davis
United States District Court