UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Agustin Nunez-Reynoso,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 10-69 (19) (MJD)

_____

    Lindsey E. Middlecamp, Assistant United States Attorney, Counsel for Plaintiff.

    Lisa M. Lopez, Assistant Federal Defender, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 1214 and 1231]

**I.**    **Background**

Defendant was charged in Count 1 of the Second Superseding Indictment with conspiracy to possess with intent to distribute cocaine, methamphetamine, marijuana, and MDMA ("Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.  [Docket No. 524]

1

A jury found Defendant guilty as to Count 1 and found the following with respect to drug quantities involved in the conspiracy: 5 kilograms or more of cocaine; 500 grams or more of a mixture or substance containing methamphetamine; less than 100 kilograms of marijuana; and 1000 tablets or more of Ecstasy. On September 20, 2011, Defendant was sentenced to a term of 240 months. By Order dated January 12, 2017, Defendant's sentence was reduced to 210 months. He is scheduled to be released on April 6, 2026.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" to include the medical condition of the Defendant, age of the Defendant, family circumstances or other extraordinary and compelling reasons.

Defendant submitted a request for compassionate release to the warden on January 10, 2021.  (Doc. No. 1231-5.)  More than 30 days have lapsed since the request was made, therefore Defendant has demonstrated that he has exhausted

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

his administrative remedies. The Court will proceed to address the merits of his motion.

## III. Discussion

Defendant's motion is based, in part, on his concerns arising from the spread of COVID-19 while incarcerated. Defendant tested positive for COVID-19 in July 2020 and has experienced difficulty in breathing since that time and has been prescribed Levalbuterol and Albuterol inhalers. He further claims his age, 52, places him in a higher risk category, and fears becoming reinfected with COVID-19. He has not yet received the COVID-19 vaccine.

Defendant also argues his family circumstances warrant relief. His mother is 85 years old and Defendant is afraid she will pass away before he is released from prison. He asks that he be granted compassionate release so that he may be with and take care of his mother.

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. The medical records submitted demonstrate that Defendant is receiving appropriate medical attention for all his stated medical conditions. (See Doc. No. 1231-1.)

The Court further recognizes that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp. At this time, the facility at which Defendant is housed, Three Rivers, FCI, reports there are zero current active cases involving an inmate, 21 active cases involving staff, zero deaths, and that 274 inmates and 37 staff have recovered. Id. In addition, the BOP has in place a vaccination program and Defendant will be offered a vaccine. Id.

Defendant has also failed to demonstrate that his assistance is needed for the care of his mother. There is no evidence in the record addressing the health of Defendant's mother or that she requires Defendant's, or anyone's, assistance.

More importantly, the Court finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community. Defendant was convicted of conspiracy to distribute a significant amount of controlled substances; over 5 kilograms of cocaine, 500 or more grams of methamphetamine, over 100 Kilograms or Marijuana and 1,000 tablets of MDMA. Given his role in this offense conduct, which inevitably caused

devastation to the community in which the drugs were sold, Defendant poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

The Court also finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was one of five suppliers to the leader of this extensive drug conspiracy, and witnesses at trial testified that Defendant possessed firearms in connection with drug-trafficking activities.  The Court thus finds that a sentence reduction in this case would not reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motions For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. Nos. 1214 and 1231] are **DENIED**.

Date:   April 12, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
