# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                          **MEMORANDUM OPINION
AND ORDER**
Criminal File No. 10-69 (MJD/TNL)

(19) AGUSTIN NUNEZ-REYNOSO,

      Defendant.

Lindsey E. Middlecamp, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Agustin Nunez-Reynoso, pro se.

## I.      BACKGROUND

On March 18, 2010, an Indictment was filed in the District of Minnesota charging Walter Ochoa and 14 others in a drug conspiracy case.  [Doc. No. 29]  In a Second Superseding Indictment, Defendant was charged in Count 1 with conspiracy to possess with intent to distribute cocaine, methamphetamine, marijuana, and MDMA ("Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.  [Doc. No. 524]

1

Defendant was tried by a jury and on April 14, 2011, the jury found

Defendant guilty as to Count 1 of the Second Superseding Indictment.  [Doc. No.

656]  He was represented at trial and at sentencing by Arthur Martinez.  [See,

e.g., Doc. Nos. 645, 732.]  The jury found the following with respect to drug

quantities involved in the conspiracy: 5 kilograms or more of cocaine; 500 grams

or more of a mixture or substance containing methamphetamine; less than 100

kilograms of marijuana; and 1000 tablets or more of Ecstasy.  (Id.)

At sentencing on September 20, 2011, the Court determined that the

applicable guidelines range was 262 to 327 months, based on a total offense level

38 and criminal history category II.  The Court sentenced Defendant to a term of

240 months.  [Doc. No. 760]

Defendant was represented on appeal by Leon A. Trawick, who filed a

Notice of Appeal on September 21, 2011, and also simultaneously moved to

withdraw while filing a brief pursuant to Anders v. California, 386 U.S. 738

(1967).  [Doc. No. 759]  On January 2, 2013, the Eighth Circuit held that there was

sufficient evidence to support Defendant's conviction as well as the Court's drug

quantity calculation applied at sentencing.  United States v. Nunez-Reynoso, 508

F. App'x 588, 589 (8th Cir. 2013).  The Eighth Circuit also granted counsel's

motion to withdraw.  Id.

Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255 [Doc. No. 852].  By Order dated August 21, 2014,

that motion was denied.  [Doc. No. 905]  The Eighth Circuit denied his request

for a certificate of appealability.  [Doc. No. 922]

In January 2015, Defendant filed a motion to reduce sentence based on the

amended sentencing guidelines applicable to drug cases.  The Court granted that

motion and reduced Defendant's sentence from 240 months to 210 months.  [Doc.

No. 1068].

Throughout this case, Defendant has also filed numerous motions seeking

miscellaneous relief, such as for discovery, to correct clerical errors, as well as

successive § 2255 petitions.  Those motions were all denied or dismissed.  [Doc.

No. 1054 (Order denying motion for discovery and informing Defendant he can

request copies of court documents from the Clerk's Office and must pay

appropriate fee); Doc. No. 1071 (Order denying motion to correct clerical error);

Doc. No. 1084 (Order denying motion for discovery); Doc. No. 1138 (Order

denying successive § 2255 petition); Doc. No. 1191 (Order dismissing motions as

moot, as the government had provided Defendant a copy of trial exhibits); Doc.

No. 1204 (Order denying motion for discovery, noting the government was

willing to work with the BOP facility to access files on the discovery CD, and

finding that Defendant had nonetheless failed to demonstrate he was entitled to

relief); Doc. No. 1208 (Order denying motion to correct clerical errors); Doc. No.

1222 (Order denying motion to transfer to different BOP facility, for discovery

and for relief under successive § 2255 petition); Doc. No. 1234 (Order denying

motion for compassionate release).]

Defendant appealed the Court's denial of his motion for compassionate

release, and the Court's order was summarily affirmed by the Eighth Circuit on

April 22, 2021.  [Doc. No. 1238]

Defendant filed additional letters in which he asked for a new discovery

CD and for the Court to appoint counsel to assist in filing a successive habeas

petition.  The Court had previously denied Defendant's request for a

replacement discovery CD.  [Doc. No. 1204 at 2 (finding that because Defendant

has no appeal rights available, there was no habeas petition pending before the

Court, and because Defendant did not demonstrate good cause to seek

discovery, the request was denied).)

Defendant also submitted a request for a Certificate of Appealability to the

Eighth Circuit Court of Appeals to file a successive § 2255 habeas petition.  While

that request was pending, Defendant filed another motion to this Court seeking

discovery.  [Doc. No. 1247]  He claims he has many options for relief available,

including a Rule 60(b) motion, § 2241 habeas petition, and his successive § 2255

motion.  However, on October 21, 2021, the Eighth Circuit denied the request.

[Doc. No. 1250]

As set forth in the previous orders denying Defendant's request for

discovery, Defendant has been provided a CD with the government's trial

exhibits, and that the government will work with the BOP to assist in accessing

the files thereon.  Further, the Court finds that there is no pending motion before

the Court that requires the discovery requested.

**IT IS HEREBY ORDERED** that Defendant's Motion Requesting Legal

Materials [Doc. No. 1247] is **DENIED.**

Date:  November 9, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court