UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.    **MEMORANDUM OF LAW & ORDER**
Criminal File No. 10-cr-69(19) (MJD/TNL)

AUGUSTIN NUNEZ-REYNOSO,

       Defendant.

Kathrine T. Buzicky, Assistant United States Attorneys, Counsel for Plaintiff.

Defendant is *pro se*.

### I.  INTRODUCTION

This matter is before the Court on Defendant Augustin Nunez-Reynoso's Supplemental Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. 1274.)  The Government opposes Defendant's Motion.  (Doc. 1291.)  For the reasons stated below, the Court will deny Defendant's Motion.

## II. BACKGROUND

In April 2011, a jury convicted Defendant after a four-day trial of conspiracy and possession with intent to distribute cocaine, marijuana, methamphetamine, and MDMA ("ecstasy") in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.  (Doc. 757.)

On September 20, 2011, the Court sentenced Defendant to 240 months in BOP custody with 5 years of supervised release to follow.  (Doc. 760.)  By order dated January 12, 2017, the Court reduced Defendant's sentence to 210 months based on a retroactive change in the sentencing Guidelines applicable to Defendant's offense.  (Doc. 1068.)

On April 12, 2021, the Court denied Defendant's first motion for compassionate release.  (Doc. 1234.)  On January 9, 2023, the Court denied Defendant's second motion for compassionate release.  (Doc. 1286.)  On October 31, 2022, Defendant filed his present, third motion for compassionate release, which he styles as a "supplemental" motion for a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  (Doc. 1274.)

On March 7, 2023, the Court entered an order granting Defendant's request for additional time to file a reply to the Government's response to the

present motion. (Doc. 1294.) The Court gave Defendant until May 1, 2023 to file his reply. (Id.) However, Defendant did not file any reply with the Court.

Defendant is currently in BOP custody at FCI Oakdale II in Louisiana with a projected release date of April 6, 2025. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last accessed May 10, 2023).

### III.   DISCUSSION

#### A.   Legal Standard – Motions for Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), the court may, in limited circumstances, grant a defendant's motion to reduce his or her term of federal imprisonment. The Court may grant such a motion if it finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Id.

The First Step Act of 2018 modified the procedure for compassionate release. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the BOP, to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a

motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the BOP, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Although the Sentencing Commission's current policy statement related to compassionate release at U.S.S.G. § 1B1.13 is "not dispositive," the Court may consider it in determining if extraordinary and compelling circumstances exist. United States v. Croud, No. CR 18-116 (JRT/LIB), 2022 WL 17584413, at *2 (D. Minn. Dec. 12, 2022). The Commission's policy statement provides that a court may reduce a term of imprisonment if it determines that:

(1)(A) Extraordinary and compelling reasons warrant the reduction;

or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

### B. Defendant's Third Motion for Compassionate Release

Defendant provides three reasons to support his current request for compassionate release. However, none of these reasons qualify as

4

"extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3583(c)(1)(A).

First, Defendant argues that if he were sentenced today, his sentencing range under the United States Sentencing Guidelines would be lower than it was at the time of his initial sentencing or, presumably, at the time of his re-sentencing in 2017. To support this argument, Defendant generally cites to the portion of the Guidelines' "Drug Quantity Table" concerning methamphetamine offenses that involve at least 500 grams but less than 1.5 kilograms of methamphetamine. U.S.S.G. § 2D1.1(5). But Defendant does not identify any change in this portion of the Guidelines, or any portion of the Guidelines for that matter, that would result in a lower sentencing range for Defendant's offense. The court found that Defendant's offense involved 5 kilograms or more of cocaine, 500 grams or more of methamphetamine, less than 100 kilograms of marijuana, and 1000 tablets or more of MDMA/Ecstasy. (Doc. 656.) The Eighth Circuit affirmed these findings. See United States v. Nunez-Reynoso, 508 F. App'x 588, 590 (8th Cir. 2013).

Without any explanation or factual support for his argument concerning his Guidelines sentencing range, the Court must reject this argument. Further,

even if Defendant had identified a change in the Guidelines that might affect his sentence, this, on its own, would not be sufficient to justify granting compassionate release.  See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) ("The views of a present-day Congress, like those of a present-day sentencing judge, about the appropriate punishment for a present-day offense do not establish an 'extraordinary and compelling reason' for reducing a sentence imposed years ago.  The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy.").

Second, Defendant argues that he is not a danger to the community.  Again, this argument, even if true, does not qualify as an "extraordinary and compelling" reason for compassionate release on its own.

Third, Defendant argues that the sentencing factors under 18 U.S.C. § 3553(a) support a reduction in his sentence.  Defendant asserts that he has completed "numerous educational programs" while in prison and is active in the BOP's suicide prevent program.  He also claims that he has not incurred any disciplinary infractions while in BOP custody.

The Court commends Defendant for his efforts to rehabilitate himself while in BOP custody. But rehabilitation on its own is also not a basis for compassionate release under § 3582(c)(1)(A). See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Saleh, No. 93-cr-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("every inmate should strive for a productive institutional record while incarcerated because that is what is expected").

Accordingly, the Court finds that Defendant has not identified any basis for relief under 18 U.S.C. § 3582(c)(1)(A) in his present Motion.

## ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Supplemental Motion for Sentence Reduction (Doc. 1274) is **DENIED**.

Dated:  May 12, 2023                s/Michael J. Davis
                                                               Michael J. Davis
                                                               United States District Court