UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AGUSTIN NUNEZ-REYNOSO,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Crim. No. 10-69 (19) (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Agustin Nunez-Reynoso, Defendant, pro se.

This matter is before the Court on Defendant's Pro Se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1311), Pro Se Request to Take Judicial Notice (Doc. 1336), and Pro Se Supplemental Motion for Compassionate Release/Reduction in Sentence (Doc. 1337).

I.    BACKGROUND

A jury found Defendant guilty as to Count 1 of the Superseding Indictment, Conspiracy to Distribute and Possession with Intent to Distribute, and found the following with respect to drug quantities involved in the

1

conspiracy: 5 kilograms or more of cocaine; 500 grams or more of a mixture or substance containing methamphetamine; less than 100 kilograms of marijuana; and 1000 tablets or more of Ecstasy.  On September 20, 2011, Defendant was sentenced to a term of 240 months.  By Order dated January 12, 2017, Defendant's sentence was reduced to 210 months.  Defendant is currently housed in FCI Oakdale II and is set for release in April 2025.  Find an inmate, https://www.bop.gov/inmateloc/ (last accessed August 13, 2024).

Defendant first requested compassionate release in late 2020, arguing that compassionate release was warranted based on his age, risk of COVID-19 reinfection and long-term effects from the virus, back pain, and hypertrophy of his prostate.  (Doc. 1234 at 1.)  He also contended that his release was needed to care for his elderly mother in Mexico.  (Id. at 4.)  The Court denied this request, finding that his medical concerns and family circumstances were not "extraordinary and compelling" for compassionate release.  (Id.)  Additionally, the Court found that Defendant remained a danger to the community and that the federal sentencing factors weighed against granting his motion.  (Id. at 5-6.)

Defendant filed a second request for compassionate release in September of 2022.  (Doc. 1286 at 1.)  Defendant mainly challenged his conviction and

2

sentence, but also raised several medical claims, specifically claiming long-term effects of COVID-19, stomach pain, risk of COVID-19 reinfection, back pain, hypertrophy of his prostate, and vision impairment from an alleged assault by prison guards. (Id. at 7.) He also requested release to care for his elderly mother and brother. (Id. at 9.)

The Court denied the second request, holding that Defendant could not use compassionate release to challenge his sentence or conviction. (Id. at 6.) Moreover, the Court denied Defendant's request because his medical claims, whether taken individually or together, were not "extraordinary or compelling" reasons that warranted compassionate release. (Id.) The Court also noted that Defendant's claim about his vision was unsubstantiated. (Id. at 6-8.) Moreover, the Court found that Defendant's family circumstance claims failed because he provided no evidentiary support for his claims and because he did not make any attempt to show he was the sole caregiver available for either his mother or his brother. (Id. at 9.) Additionally, the Court again found that the federal sentencing factors still did not favor early release. (Id.)

Defendant's current motion for compassionate release asks the Court to release him based on his medical claims and family circumstances. (Doc. 1311.)

3

He repeats medical ailments that were previously addressed by this Court—namely his breathing problems, back injury, hypertrophy of the prostate, stomach issues, and vision impairment. (Id.) Defendant additionally repeats his prior argument that his release is needed to care for his mother and brother. (Id.) Defendant also requests the Court to take "judicial notice," and presents arguments challenging his sentence and conviction. (Doc. 1336.) Finally, Defendant filed a Supplemental Motion for Compassionate Release/Reduction in Sentence, repeating the arguments made in his current Motion for Compassionate Release and in the Request for the Court to Take "Judicial Notice." (Doc. 1337.)

## II.   COMPASSIONATE RELEASE

### A. Exhaustion Requirement

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a

4

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  The administrative exhaustion requirement is a mandatory claim-processing rule.  United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).  Failure to exhaust administrative remedies prior to filing a motion requires a district court to dismiss the motion without prejudice.  Id.

The parties agree that the administrative remedies were exhausted before bringing this motion.  (Doc. 1339 at 5.)  Therefore, these claims may properly be considered by the Court.

### B. Extraordinary and Compelling Reasons

In pertinent part, the United States Sentencing Guidelines define "extraordinary and compelling reasons" in the following way:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) Medical Circumstances of the Defendant.—
>
> . . .
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition
>
> . . .

>  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> . . .
>
> (3) Family Circumstances of the Defendant.—
>
> . . .
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S.S.G. § 1B1.13(b).

Defendant's alleged medical conditions, whether individually or together, still do not rise to the level of an "extraordinary and compelling" reason for compassionate release. Defendant's medical records do not show any differences from the conditions this Court evaluated in Defendant's previous motions. The records show that Defendant is receiving treatment for his medical conditions in BOP custody and Defendant does not point out any specific inadequacies in the treatment he in receiving. (See Doc. 1340.)

Next, Defendant has not shown an "extraordinary and compelling" basis for compassionate release based on his family circumstances. Defendant still does not provide any evidentiary support for his claims that his mother or

6

brother needs assistance.  Additionally, Defendant does not attempt to show that he is the sole caregiver available for either of them.

The federal sentencing factors under 18 U.S.C. § 3553(a) also do not favor early release in this case.  Defendant was convicted of a serious drug trafficking offense and possessed a firearm in connection with that offense.  As the Court has previously noted, a further reduction of Defendant's sentence "would not reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment." (Doc. 1234 at 6; Doc. 1286 at 10.)  Defendant has not raised any new arguments that could justify the Court revisiting this conclusion.

Finally, Defendant's attempt to shoehorn his arguments challenging his sentence or conviction with his compassionate release motion fail.  As the Court previously held, these arguments are not proper for a compassionate release motion.  See, e.g., United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) (citing United States v. Hunger, 12 F.4th 555, 567 (6th Cir. 2021)) ("[Defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."); United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) ("a post-judgment motion that fits the description of a

7

motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion"). Therefore, any arguments premised on challenging the legitimacy of his underlying conviction and sentence are rejected, both in Defendant's Motions for Compassionate Release and in his Request to Take Judicial Notice.

### III.   ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) **[Doc. 1311]** is **DENIED with prejudice**;

2. Defendant's Pro Se Motion to Appoint Counsel **[Doc. 1315]** is **DENIED as moot**;

3. Defendant's Pro Se Request to Take Judicial Notice **[Doc. 1336]** is **DENIED with prejudice**; and

4. Defendant's Pro Se Supplemental Motion for Compassionate Release/Reduction in Sentence **[Doc. 1337]** is **DENIED**.

Date:   September 9, 2024

                                                                s/Michael J. Davis  
                                                                Michael J. Davis  
                                                                United States District Court